IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MARY KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 12-554-CG-N |
| | ) | |
| WAL-MART STORES EAST, LP et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of defendant Wal-Mart Stores East, LP ("Wal-Mart") for summary judgment on plaintiff's state law claims (Doc. 10), plaintiff's response in opposition (Doc. 16), and Wal-Mart's reply (Doc. 25). The court finds that plaintiff's state law claims are time-barred. Accordingly, defendant's motion will be granted.

## FACTS

This action asserts various claims relating to plaintiff's employment at Wal-Mart in Fairhope, Alabama. (Doc. 1). Plaintiff asserts claims under Title VII alleging that she suffered sexual harassment, retaliation, and a hostile work environment during her employment. Plaintiff also asserts state law claims of negligent and wanton hiring, training, supervision, and retention (Count III) and invasion of privacy (Count IV). Defendant Wal-

Mart moves for summary judgment on plaintiff's state law claims, asserting that they are untimely filed.

In her complaint, plaintiff alleges that "[t]he harassment continued through March and April 2010." (Doc. 1, ¶ 20). Plaintiff was allegedly terminated on May 11, 2010 (Doc. 1, ¶ 25) and she filed a complaint with the EEOC on September 11, 2010. (Doc. 18, p. 11, ¶ 12). In June 2012, plaintiff received a "Dismissal and Notice of Rights" letter from the EEOC advising plaintiff that should she wish to file a lawsuit, she must file the lawsuit within 90 days. (Doc. 18, p. 12, ¶ 13; Doc. 18, p. 20). Plaintiff filed her lawsuit in this court on August 28, 2012, within the 90 day period, but more than two years after plaintiff was terminated.

## DISCUSSION

**A. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be

2

'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252.  The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear

3

the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

## B. Statute of Limitations

Wal-Mart asserts that because plaintiff's state law claims are based on conduct that occurred on or before her termination on May 11, 2010, they are barred by the two-year statute of limitations contained in ALA. CODE § 6-2-38(l) and (n).  Plaintiff responds that because she did not receive notification

4

of her right to sue from the EEOC until June 2012, after the two-year limitations period had passed, that the statute of limitations should be equitably tolled. Plaintiff cites several cases in support of her position; however, the court does not find the cases to be persuasive.

Plaintiff first cites to Browning v. AT&T Paradyne, 120 F.3d 222, 227 (11th Cir.1997); Page v. U. S. Industries, 556 F.2d 346 (5th Cir. 1977); Zambuto v. American Telephone & Telegraph Co., 544 F.2d 1333 (5th Cir. 1977); and Carlile v. S. Routt Sch. Dist. RE 3–J, 652 F.2d 981, 986 (10th Cir.1981). However, none of these cases found that the state's statute of limitations should be equitably tolled while an EEOC claim was pending. The above cited cases all address the tolling of Title VII's 90-day filing limitation period where there were irregularities with the right-to-sue letter that confused or misled the claimant. In fact, as Wal-Mart points out, the Page Court actually held that the filing of a claim with the EEOC did not toll Texas' statute of limitations. Page, 556 F.2d. at 355 (citing Johnson v. Railway Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) and Williams v. Phil Rich Fan Mfg. Co., Inc., 552 F.2d 596 (5th Cir. 1977)).

Plaintiff next asserts that a number of federal courts have held that the statute of limitations for state law claims are tolled while a Title VII claim is pending before the EEOC. For this contention, plaintiff cites three Southern District of New York cases and one District of Delaware case:

5

EEOC v. Avecia Inc., 2003 WL 22432911, *3 (D. Del. Oct. 23, 2003)[1]; Forbes v. Merrill Lynch, Fenner & Smith, Inc., 957 F.Supp. 450, 455-56 (S.D. N.Y. 1997) (noting a split of authority in that district, but finding the tolling cases more persuasive); Gray v. Shearson Lehman Bros., 947 F.Supp. 132, 136 (S.D. N.Y. 1996)[2]; Brown v. Bronx Cross County Medical Group, 834 F.Supp. 105, 111 (S.D. N.Y. 1993)[3]. While the above cases do hold or indicate that

---

[1] The Avecia court found that the conduct upon which plaintiff based her intentional infliction of emotion distress intervention claim was the same conduct upon which the EEOC filed its Title VII and § 1981 action and that defendant had notice of the alleged illegal conduct. As such, the court found that the claim related back to the original complaint. The court went on to state that it also agreed with the plaintiff's alternative argument that the filing of a complaint with the EEOC tolled the statute of limitations. 2003 WL 22432911 at *3.

[2] The court notes that the Gray court actually found that the statute of limitations should not be tolled in that case and dismissed the state law claim as time-barred. 947 F.Supp at 137. However, the court found tolling did not apply because the state law claim was based on a different theory and different facts from the plaintiff's discrimination claims. Id. Thus, the court's ruling indicated that under different circumstances the statute of limitations should be tolled while the EEOC action was pending.

[3] The Brown court stated that plaintiff was entitled to have her state law claims resolved together with her federal claims under the court's supplemental jurisdiction and that her federal claims could not be filed until the EEOC issued a right-to-sue letter. The court explained that the statute of limitations should be tolled for the following reasons:

> To hold that the statute of limitations on plaintiff's state law claim was not tolled would obligate plaintiffs in Ms. Brown's position to bring their state law claims in a separate action in state court regardless of the degree to which such proceedings would result in duplication and judicial inefficiency, or, alternatively, to forego their state law claims. Such a rule would substantially undermine the purposes of Title VII, which affords the EEOC the opportunity to investigate allegations of employment discrimination in order to facilitate dispute resolution prior to the commencement of litigation. Title VII furthers the goal of eliminating employment discrimination

under certain circumstances the state statute of limitations should be tolled while the plaintiff's EEOC claims were pending, other courts, including this court, have concluded otherwise.  This court found, in Simmons v. Mobile Infirmary Medical Center, 391 F.Supp.2d 1124, 1131 (S.D. Ala. 2005), that the EEOC proceedings did not toll the applicable statute of limitations, stating as follows:

> Simmons' contention that the limitations period was somehow tolled by the EEOC proceedings is unsupported by law and entirely without merit. It is well-established that the statute of limitations for a plaintiff's state law claims is not tolled while the plaintiff is pursuing administrative remedies with the EEOC. Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 466, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (limitations period for § 1981 claim not tolled during the time the EEOC conducted an administrative hearing on the Title VII claim as the two claims are separate and distinct); Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241 (5th Cir.1980) (filing of a charge with the EEOC does not toll statute of limitations applicable to a § 1981 claim based on same discriminatory events); Gardner v. St. Bonaventure Univ., 171 F.Supp.2d. 118, 131 (W.D.N.Y.2001) (refusing to toll the statute of limitations for state law claims during pendency of EEOC proceeding); Stordeur v. Computer Associates Int'l, Inc., 995 F.Supp. 94, 99 (E.D.N.Y.1998) (same). Consequently, Simmons claims against Roberts is barred and Roberts is, therefore, entitled to summary judgment in his favor.

Simmons v. Mobile Infirmary Medical Center, 391 F.Supp.2d 1124, 1131 (S.D. Ala. 2005): see also Evans v. Mobile Infirmary Med. Ctr., 2005 WL

---

through the use of "conference, conciliation, and persuasion," rather than litigation. 42 U.S.C. § 2000e–5(b); See Sheehan v. Purolator Courier Corp., 676 F.2d 877, 879–80 (2d Cir.1981). Moreover, such a result would wholly negate the judicial efficiency encouraged by 28 U.S.C. § 1367's grant of supplemental jurisdiction.

Brown, 834 F.Supp. at 111.

1840235 (S.D. Ala. Aug. 2, 2005) (using identical language as quoted above in the Simmons case, finding that certain assault/battery claims were barred by the statute of limitations).

Other Courts have agreed that the statute of limitations for a state law claim are not tolled while the plaintiff is pursuing administrative remedies, at least so long as the state law claims are separate and distinct from the federal discrimination claims. See e.g. Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261, 268-269 (5th Cir. 2001) (finding that a Louisiana Statute which suspends or tolls the statute of limitations for state discrimination claims for up to six months during the pendency of an EEOC proceeding did not apply retroactively and that the EEOC administrative proceeding did not toll the statute of limitations for any of plaintiff's state law claims, which included intentional interference with contract, battery, intentional infliction of emotional distress, discrimination and retaliation); Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322-323 (7th Cir. 1992) (finding that the time for filing plaintiff's state law invasion of privacy claim was not tolled by the filing of a discrimination charge with the EEOC because it is separate and independent from plaintiff's Title VII claim); Arnold v. U.S., 816 F.2d 1306, 1312-1313 (9th Cir. 1987) (finding that there was no federal policy mandating equitable tolling, stating that plaintiff's state law claims were distinct from plaintiff's Title VII claim and that "Congress did not intend for these proceedings to delay independent avenues of redress." (citing Johnson

8

supra)).  While the filing of the EEOC charge places the defendant employer on notice of a claim of discrimination, unless "there is complete identity of the causes of action," the employer will not have sufficient "opportunity to protect itself against the loss of evidence, the disappearance and fading memories of witnesses, and the unfair surprise that could result from a sudden revival of a claim that long has been allowed to slumber." Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 466 n.14, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (citations omitted).[4]

In the instant case, the court finds that plaintiff's state law claim for invasion of privacy is separate and independent from her claims of sexual discrimination.  The invasion of privacy claim involves different facts and legal analysis than her Title VII claims.  The claim for invasion of privacy does not vindicate plaintiff's right to be free from discriminatory treatment, but rather her right to be free from wrongful intrusion into her private activities.

---

[4] Johnson involved federal causes of action under 42 U.S.C. §§ 1981. Johnson, 421 U.S. at 456, 95 S.Ct. at 1718.  Because federal law does not specifically provide the limitations period, state law is "borrowed" to provide it. Johnson, 421 U.S. at 462, 95 S.Ct. at 1721.  Johnson held that, in addition to borrowing a state's statute of limitations for a § 1981 action, a federal court should also borrow the corresponding tolling rules for such actions. Johnson, 421 U.S. at 463-64, 95 S.Ct. at 1721-22; see also Board of Regents v. Tomanio, 446 U.S. 478, 485-486, 100 S.Ct. 1790, 1795-1796, 64 L.Ed.2d 440 (1980) (same for §1983 action).  Of course, any borrowed state law cannot be "inconsistent with the constitution and laws of the United States". 42 U.S.C. § 1988(a); see Johnson, 421 U.S. at 465, 95 S.Ct. at 1722-23; Tomanio, 446 U.S. at 485-86, 100 S.Ct. at 1795-96.  In the instant case, the parties have not pointed to any state tolling rule.

Plaintiff's claims for negligent and wanton hiring, training, supervision, and retention are more closely related to her discrimination claims. "An employer cannot be independently guilty of negligent training or supervision in the absence of some tort committed by [an employee] against [the plaintiff]." Blackwood v. Arc of Madison County, Inc., 2012 WL 5932451, *6 (N.D. Ala. Nov. 26, 2012) (citations and internal quotations omitted). The tort on which plaintiff's negligence claim is based is plaintiff's allegation that she was subjected to sexual harassment by her supervisor, in violation of Title VII. "As a general rule, under Alabama law, an independent cause of action for sexual harassment does not exist and, thus, the alleged sexual harassment alone cannot be the underlying tort necessary for plaintiff's negligent hiring, training, supervision and retention claim." Folsom v. McAbee Const., Inc., 2012 WL 3527876, *15, n. 5 (N.D. Ala. June 6, 2012) (citing Stevenson v. Precision Standard, Inc., 762 So.2d 820, 824–25 (Ala.1999)).  However, as the Folsom Court explained:

> the Alabama Supreme Court has recognized a sexual harassment exception to the requirement that a common law tort must underlie a negligent hiring, training, supervision, and retention claim. The exception provides that "the manner in which a sexual-harassment complaint is handled when sexual harassment has, in fact, occurred can form the basis for a claim for negligent or wanton supervision" when the handling of the complaint did not cause the harassment to cease or caused it to only temporarily cease.

Id. Thus, plaintiff must show that defendant failed to take adequate steps to remedy the situation and stop the harassment. Additionally, to establish a

negligent or wanton training, supervision claim, the plaintiff must establish that the employer knew that the employee who subjected plaintiff to the harassment was incompetent, or that the employer would have learned of the incompetency had it exercised due and proper diligence. Howze v. Jefferson County Committee, for Economic Opportunity, 2012 WL 3775871, 14 (N.D. Ala. August 28, 2012) (citing Big B, Inc. v. Cottingham, 634 So.2d 999, 1003 (Ala.1993)); see also Lawrence v. Christian Mission Center Inc. of Enterprise, 780 F.Supp.2d 1209 (M.D. Ala. 2011) ("In order to state a claim for negligent supervision, a Plaintiff must allege (1) the employee committed a tort recognized under Alabama law; (2) the employer had actual notice of this conduct or would have gained such notice if it exercised due and proper diligence; and (3) the employer failed to respond to this notice adequately.").

> Evidence of this actual or constructive knowledge may consist of specific acts of incompetency brought to the master's attention or a pattern of incompetent acts such that the character, frequency, and seriousness of the acts must have brought the incompetency to the master's attention in the exercise of due care. Id. A plaintiff must also show that the above breach of the employer's duty to reasonably supervise his or her employees proximately caused the plaintiff's injury. Keel v. Banach, 624 So.2d 1022, 1026 (Ala.1993) (stating that there are four elements of negligence in Alabama: (1) a duty; (2) breach of the duty; (3) proximate cause; and (4) injury arising therefrom).

Howze, 2012 WL 3775871 at *14.

Thus, in addition to demonstrating a Title VII violation, plaintiff's claim for negligent and wanton hiring, training, supervision, and retention requires a showing of notice and failure to respond.  To establish a prima

facie case of hostile work environment or sexual harassment under Title VII, plaintiff must prove that:

> 1) she belongs to a protected group; 2) she has been subject to unwelcome (racial or sexual) harassment; 3) the harassment was based on a protected characteristic of the employee (such as race or gender); 4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and 5) the employer is responsible for such environment under a theory of vicarious or direct liability.

Thomas v. Austal, U.S.A., L.L.C., 829 F.Supp.2d 1162, 1171 -1172 (S.D. Ala. 2011) (citations omitted). Because notice and failure to respond are not elements of the Title VII claim, a claim for negligent and wanton hiring, training, supervision, and retention may require proof of different theories and facts. "Indeed, it is precisely because these wrongs are different that [plaintiff's] claims are not precluded by Title VII." Arnold, 816 F.2d at 1313 (citing Otto v. Heckler, 781 F.2d 754, 756-757 (9th Cir. 1986)).

The court notes that notice and failure to respond may sometimes be shown through the same facts used to demonstrate that the employer is vicariously or directly liable under a Title VII claim.

> An employer may be held vicariously liable for workplace harassment based on any of the following theories. First, an employer can be held strictly liable when a supervisor with immediate or successively higher authority over the plaintiff engages in harassment. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1278 (11th Cir.2002). Second, an employer can be held vicariously liable when a supervisor engages in harassment that does not include an adverse employment action, although affirmative defenses are available in this situation. See id. Third, when the perpetrator of the harassment is a coworker

> rather than a supervisor, the employer can be held vicariously liable if it had actual knowledge of the harassment, or constructive knowledge due to the severity and pervasiveness of the harassment, and failed to take prompt remedial action. Id. The plaintiff bears the burden of proving the employer's liability. See id.

Lawrence v. Christian Mission Center Inc. of Enterprise, 780 F.Supp.2d 1209, 1215 (M.D. Ala. 2011).  However, in this case, because plaintiff asserts that the offending employee was her direct supervisor, defendant can be held vicariously liable without demonstrating that defendant knew or should have known of the employee's conduct.  Defendant can be held strictly liable when plaintiff's immediate supervisor engages in harassment.  Thus, under the circumstances alleged in this case, additional theories and facts must be demonstrated under plaintiff's state law negligence and wanton claim.

Therefore, even if the statute of limitations should be tolled during the pendency of an EEOC proceeding when the state law claims are based on the same facts and theories, the state law claims in this case would not be tolled because they are separate and distinct.  Accordingly, the court finds that the statute of limitations was not tolled during plaintiff's EEOC proceeding and that plaintiff's state law claims are time-barred.

## CONCLUSION

For the reasons stated above, the motion of defendant Wal-Mart Stores East, LP for summary judgment on plaintiff's state law claims (Doc. 10), is **GRANTED**, and those claims are hereby **DISMISSED**.

**DONE** and **ORDERED** this 19th day of February, 2013.

/s/  Callie V. S. Granade<br>
UNITED STATES DISTRICT JUDGE