IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00554-CG-N |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| d/b/a WAL-MART STORE #4333; | ) | |
| DAVID WYMAN, STACY SUTTON, | ) | |
| BOBBIE SMITH, SHANE MAXWELL, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This action is before the Court on the motions to dismiss filed, respectively, by David Wyman (docs. 26-27), Shane Maxwell (docs. 28-29), Bobbie Smith (docs. 32-33), and Stacy Sutton (docs. 56-57), the individual defendants herein. These matters have been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the motions, plaintiffs' responses in opposition to the motions filed by Wyman, Maxwell and Sutton (docs. 35, 62),[1] the replies filed by Maxwell (doc. 38), Wyman (doc. 39) and Sutton (doc. 63), and all other pertinent portions of the record, it is recommended that the motions to dismiss be **GRANTED.**

---

[1] Plaintiff filed no response to the motion to dismiss filed by Bobbie Smith as required by the Court's Order dated November 8, 2012 (doc. 34), and did not request an extension of the response deadline of November 26, 2012.

I. Background.

Plaintiff filed her Complaint in this case on August 28, 2012, asserting various claims relating to her employment at Wal-Mart in Fairhope, Alabama, from August 2007 until her termination on May 11, 2010. (Doc. 1 at ¶¶ 1, 13, 25). Plaintiff asserts claims against both Wal-Mart and the individual defendants for sexual harassment, sexual discrimination and hostile work environment, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. §§ 2000e et seq. (Count I and II). Plaintiff also asserts state law claims negligent and wanton hiring, training, supervision, and retention (Count III) and invasion of privacy (Count IV). Plaintiff had filed a complaint with the EEOC on September 11, 2010 (Doc. 18, p. 11, ¶ 12) and subsequently received a "Dismissal and Notice of Rights" letter from the EEOC in June 2012, advising that should plaintiff wish to file a lawsuit, she must file the lawsuit within 90 days. (Doc. 18, p. 12, ¶ 13; Doc. 18, p. 20). Although plaintiff filed this action within the 90 day deadline, this suit was filed more than two years after she was terminated.

The individual defendant, David Wyman ("Wyman"), Shane Maxwell ("Maxwell"), Bobbie Smith ("Smith"), and Stacy Sutton ("Sutton"), each filed separate motions to dismiss (docs. 26-27, 28-29, 32-33, 56-57, respectively), wherein they argue, in sum, that plaintiff's claims are due to be dismissed because these defendants cannot be held individually liable under Title VII, and that the state law claims are time-barred. Although plaintiff filed no response to Smith's motion to dismiss, her responses filed in opposition to the motions filed by Wyman and Maxwell (doc. 35) and Sutton (doc. 62)

are identical. The undersigned will, therefore, assume that had plaintiff filed a response to Smith's motion it would likewise be identical. Plaintiff made no argument in opposition to the contention that these defendants cannot be held individually liable under Title VII. Plaintiff argues only that "the statute of limitations on [her] state law claims should be equitably tolled for at least the 90 day period in which she was permitted to file a suit on her federal claims." (Docs. 35 at 2 and 62 at 2).

II.     Standard of Review.[2]

Prior to Bell Atlantic v. Twombly, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This language, as it relates to the Rule 12(b)(6) standard, was expressly rejected in Twombly wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley, 355 U.S. at 47. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

[2] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto'." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000), quoting, GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993). All "reasonable inferences" are drawn in favor of the plaintiffs. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."

550 U.S. at 570.

The Supreme Court reinforced the Twombly standard in Ashcroft v. Iqbal, 55 U.S. 662 (2009). The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'." Iqbal, 556 U.S. at 678, *quoting* Twombly, 550 U.S. at 557. The Iqbal Court explained:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

Iqbal, 556 S.Ct. at 678-79 (citation and internal punctuation omitted). *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at

553, n. 8.  *See also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 556 U.S. at 678] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]").  With this legal framework in mind the Court now turns to the merits of Hanson's motion to dismiss.

III.    Analysis.

    A.    Title VII Claims.[3]

Plaintiff filed this action pursuant to 42 U.S.C. § 2000e-2, which provides, in pertinent part:

> (a) Employer Practices
>
> It shall be an unlawful employment practice for an employer-
> (1) ... to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin....

42 U.S.C. § 2000e-2(a)(1) (emphasis added).   "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."  Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991), *citing* Clanton v. Orleans Parish School Bd., 649 F.2d 1084, 1099 & n. 19 (5th Cir. 1981); 42 U.S.C. § 2000e(b)(definition of "employer"); 42 U.S.C. § 2000e-2 (violation for

---

[3] Plaintiff failed to respond to the argument that the individual defendants cannot be found liable under Title VII.

"employer" to discriminate); 42 U.S.C. § 2000e-5(g) (relief for violation of § 2000e-2). Inasmuch as the focus of Title VII is on the employer, "[i]ndividual capacity suits under Title VII are [] inappropriate. Busby, 931 F.2d at 772. Consequently, plaintiff's Title VII claims (Counts I and II) against the individual defendants are due to be dismissed.

    B.    State Law Claims.

Plaintiff's state law claims against the individual defendants are due to be dismissed as time-barred for the reasons stated in the District Court's Order dated February 19, 2013 (doc. 70) which granted Defendant Wal-Mart's motion for summary judgment on these very claims.

## CONCLUSION

For the reasons set forth above, it is the recommendation of the undersigned that the motions to dismiss filed respectively by David Wyman (docs. 26-27), Shane Maxwell (docs. 28-29), Bobbie Smith (docs. 32-33), and Stacy Sutton (docs. 56-57), the individual defendants herein, be **GRANTED** and plaintiff's Complaint against these defendants be **DISMISSED**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this  1st  day of April, 2013.

                                        /s/ Katherine P. Nelson
                                        **KATHERINE P. NELSON**
                                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[4]   after being served with a copy of the recommendation, unless a different time is established by order."  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection**.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  FED. R. CIV. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        **DONE** this   1st   day of April, 2013.

                                /s/ Katherine P. Nelson
                                **UNITED STATES MAGISTRATE JUDGE**

---

        [4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).